UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LOPEZ,<br><br>   Plaintiff,<br><br> v.<br><br>R. L. KELLY,<br><br>   Defendant. | Case No. 14-cv-03724-YGR (PR)<br><br>**ORDER OF PARTIAL DISMISSAL AND SERVICE** |

## INTRODUCTION

Plaintiff, a state prisoner, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, stemming from a March 13, 2013 incident at Pelican Bay State Prison ("PBSP"), where he is still currently incarcerated. He alleges that Defendant PBSP Correctional Officer R. L. Kelly used excessive force against him. Plaintiff seeks injunctive relief as well as declaratory and monetary damages.

Plaintiff has filed a motion for leave to proceed *in forma pauperis*, which will be granted in a separate written Order.

Venue is proper because the events giving rise to the claim are alleged to have occurred at PBSP which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

## DISCUSSION

### I. STANDARD OF REVIEW

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements, namely that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II.   EXCESSIVE FORCE CLAIM

A prisoner has the right to be free from cruel and unusual punishment, including physical abuse by guards. Whenever prison officials stand accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 317 (1986)).

Plaintiff alleges that on March 13, 2013, he was subjected to excessive force by Defendant Kelly. Dkt. 1 at 3-5. Specifically, Plaintiff alleges that on the date of the incident he was scheduled for law library access. *Id.* at 3. Defendants Kelly and "John Doe 1" escorted Plaintiff out of his cell. *Id.* Defendants engaged in a conversation which consisted of Defendant Kelly "venting of the fact that SHU inmates are given access to the prison's law library, and on his having to do the 'extra' work of escorting them back and forth." *Id.* at 4. Plaintiff did not want to participate in the conversation because he "thought it to be prejudice [sic] and stated it so and thus ignored further inquiries . . . ." *Id.* As Defendants escorted Plaintiff, Defendant Kelly "in an abrupt and violent act slammed Plaintiff into the wall and thus causing him to impact head first." *Id.* Later, when Plaintiff requested medical attention for his injuries, Defendant Kelly slammed Plaintiff against the wall a second time. *Id.* When Plaintiff asked Defendant Kelly to "just take him to the library," Defendant Kelly "shoved Plaintiff against the wall with the weight of his body and forearm across Plaintiff's neck . . . ." *Id.* at 5. After verbally abusing Plaintiff, Defendant Kelly then turned around and escorted Plaintiff back to his housing unit. *Id.* At his cell, Defendant Kelly started "shoving" Plaintiff towards his half-opened cell door and "slammed Plaintiff's arm onto the edge of the opening door . . . ." *Id.* Plaintiff claims he suffered physical and psychological injuries as a result of this incident. *Id.* at 6.

Liberally construed, Plaintiff's complaint states a cognizable Eighth Amendment claim

against Defendant Kelly and against "John Doe 1" for failing to intervene.

## III.     CLAIMS AGAINST DOE DEFENDANTS

As mentioned above, Plaintiff identifies "John Doe 1" as well as several other Doe Defendants whose names he intends to learn through discovery. Dkt. 1 at 2-3. The use of Doe defendants is not favored in the Ninth Circuit. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). However, where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them. *Id.* Failure to afford the plaintiff such an opportunity is error. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999). Accordingly, the claims against Defendant John Doe 1 as well as all other Doe Defendants are DISMISSED from this action without prejudice. Should Plaintiff learn these Doe Defendants' identities through discovery, he may move to file an amended complaint to add them as named defendants. *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

## IV.     SUPERVISORY LIABILITY CLAIMS

Plaintiff has also named the following Defendants in his complaint: Secretary of the California Department of Corrections and Rehabilitation J. Beard and PBSP Warden Ron E. Barnes. Dkt. 1 at 2. However, Plaintiff does not claim that these aforementioned Defendants personally violated his constitutional rights. Rather, Plaintiff seems to contend that these Defendants are liable based on the conduct of their subordinates, the aforementioned PBSP Defendants. However, there is no respondeat superior liability under Section 1983. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, Plaintiff must allege that the supervisory liability Defendants "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* Here, no facts are alleged to establish supervisorial liability on the part of these Defendants. Accordingly, Plaintiff's supervisory liability claims against Defendants Beard and Barnes are DISMISSED without prejudice.

///

///

///

3

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Plaintiff states a cognizable Eighth Amendment claim for the use of excessive force against Defendants Kelly and "John Doe 1."

2. The claims against Defendant John Doe 1 as well as all other Doe Defendants are DISMISSED from this action without prejudice.

3. Plaintiff's supervisory liability claims against Defendants Beard and Barnes are DISMISSED without prejudice.

4. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (dkt. 1) and a copy of this Order to **Defendant PBSP Correctional Officer R. L. Kelly**. The Clerk shall also mail a copy of the complaint and a copy of this Order to State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

5. Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires Defendant to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, Defendant will be required to bear the cost of such service unless good cause be shown for the failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendant is asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendant has been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever

is later.

6. Defendant shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

a. No later than **sixty (60) days** from the date their answer is due, Defendant shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[1] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the Court notes that under the new law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, Defendant may move for dismissal under Rule 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise if a failure to exhaust is not clear on the face of the complaint, Defendant must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendant is entitled to summary judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. *Id.* at 1168.

If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant shall so inform the Court prior to the date the summary judgment motion is due. All

---

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

papers filed with the Court shall be promptly served on Plaintiff.

        b.        Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **twenty-eight (28) days** after the date on which Defendant's motion is filed.

        c.        Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that—in the rare event that Defendant argues that the failure to exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents—documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have

6

personal knowledge of the matters state therein.  As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case.  *Albino*, 747 F.3d at 1168.

(The notices above do not excuse Defendant's obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment.  *Woods*, 684 F.3d at 935.)

        d.       Defendant shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

        e.       The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7.       Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendant to depose Plaintiff and any other necessary witnesses confined in prison.

8.       All communications by Plaintiff with the Court must be served on Defendant or Defendant's counsel, once counsel has been designated, by mailing a true copy of the document to them.

9.       It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address.  *See* L.R. 3-11(b).

10.      Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

7

IT IS SO ORDERED.

Dated: April 15, 2015

_____
YVONNE GONZALEZ ROGERS
United States District Judge